UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHERRI PERKINS, INDIVIDUALLY AND AS ADMINISTRATOR FOR THE ESTATE OF BRANDON PERKINS, DECEASED,<br>    PLAINTIFF,<br><br>v.<br><br>TOWN OF ST. JOHN, INDIANA, A MUNICIPAL CORPORATION; OFFICER CHRISTOPHER WIDEN, INDIVIDUALLY AND AS AGENT OF THE TOWN OF ST. JOHN,<br>    DEFENDANTS. | CAUSE NO. 2:25-CV-459-JTM-JEM |

### REPORT OF PARTIES' PLANNING MEETING

1. **Introduction.**

    The parties conferred via electronic mail under Federal Rule of Civil Procedure 26(f) and agreed to this report on December 9, 2025. Bhavani Raveendran and Stephen Brandenburg participated for Plaintiff. Joseph W. Smith participated for Defendants.

2. **Jurisdiction.**

    The Court has jurisdiction over Counts I through III of the Complaint under 28 U.S.C. § 1331, in that Counts I through III of the Complaint assert claims arising under an Act of Congress, namely the Civil Rights Act of 1871, as amended and codified at 42 U.S.C. § 1983, and Title II of the Americans with Disabilities Act, as amended and codified at 42 U.S.C. § 12131 *et seq.*

    The Court has jurisdiction over Counts I through III of the Complaint under 28 U.S.C. § 1343(a)(4), in that Counts I through III of the Complaint seek to recover damages or to secure equitable or other relief under an Act of Congress providing for the protection of civil rights, namely the Civil Rights Act of 1871, as amended and codified at 42 U.S.C. § 1983, and Title II of the Americans with Disabilities Act, as amended and codified at 42 U.S.C. § 12131 *et seq.*

    The Court has supplemental jurisdiction over Count IV of the Complaint under 28 U.S.C. § 1367, in that the state-law wrongful death claim is so related to claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

    Defendants contend that the Court lacks jurisdiction over Count V of the Complaint to the extent that it may be read as a claim for indemnification of a theoretical future

judgment against Officer Widen, but the Court otherwise has jurisdiction over Count V for the same reason that it has jurisdiction over Count IV.  Plaintiff contends that the Court has jurisdiction over Count V of the Complaint for the same reason that it has jurisdiction over Count IV.

3. **Pre-Discovery Disclosures.**

   Plaintiff proposes that the parties exchange Rule 26(a)(1) disclosures by January 15, 2026.

   Defendants object to the mandatory initial disclosures because they have filed a Motion for Judgment on the Pleadings which, if granted, would be dispositive of all claims in this action.  Additionally, Officer Widen has asserted the defense of qualified immunity.  Under Supreme Court precedent, "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

4. **Discovery Plan.**

   Defendants object to discovery while their Motion for Judgment on the Pleadings remains pending.  If Defendants' Motion is granted, it would be dispositive of all claims in this action.  Additionally, Officer Widen has asserted the defense of qualified immunity.  Under Supreme Court precedent, "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow*, 457 U.S. at 818.

   Plaintiff proposes the following discovery plan:

   - Discovery will be needed on the following subjects: The parties will conduct discovery on all claims set forth in the original Complaint, as well as the defenses relevant to the action, including but not limited to the facts of the occurrence on January 15, 2025; the use of force at the scene of the incident; the patterns, practices and customs of the St. Joseph Police Department; and Plaintiff's damages as a result of the underlying incident.

   - Disclosure or discovery of electronically stored information should be handled as follows: Plaintiff requests the Court to allow the parties to confer and seek leave from the Court to enter an ESI order by agreement, once a discovery schedule is entered.

   - The last date to complete all discovery is June 17, 2027.

     Maximum of 40 interrogatories by each party to any other party.

     Maximum of 30 requests for admission by each party to any other party.

     Maximum of 30 depositions by Plaintiff and 30 by Defendants.

     Each deposition is limited to a maximum of 7 hours unless extended by stipulation.

The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

March 15, 2027 for Plaintiff;

April 15, 2027 for Defendants; and

May 17, 2027 for Rule 26(e) supplements.

5. **Other Items.**

Defendants object to entering other case management deadlines while their Motion for Judgment on the Pleadings remains pending. If Defendants' Motion is granted, it would be dispositive of all claims in this action. Additionally, Officer Widen has asserted the defense of qualified immunity. Under Supreme Court precedent, public officials are "entitle[d] not to stand trial *or face the other burdens of litigation*" until qualified immunity has been resolved. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis added; citing *Harlow*, 457 U.S. at 818).

Plaintiff proposes:

The last date Plaintiff may seek permission to join additional parties and to amend the pleadings is August 15, 2026.

The last date Defendants may seek permission to join additional parties and to amend the pleadings is August 15, 2026.

The time to file Rule 26 (a)(3) pretrial disclosures will be governed by separate order.

The case should be ready for jury trial by August 9, 2027 and at this time is expected to take approximately 10 days.

At this time, all parties **do** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Federal Rule of Civil Procedure 73 for all further proceedings including trial and entry of judgment.

6. **Alternative Dispute Resolution.**

The case's settlement prospects may be enhanced via the following ADR procedure:

Mediation

The parties seek leave to agree upon a mediator once a discovery schedule is entered in this matter.

Date: December 10, 2025

- 4 -

| | |
|---|---|
| /s/ Bhavani Raveendran | /s/ Joseph W. Smith |
| Bhavani Raveendran | Joseph W. Smith |
| **RAVEENDRAN LAW LLC** | CLARK JOHNSON & KNIGHT, LTD. |
| 4849 N. Milwaukee Avenue | 233 East 84th Drive, Suite 301 |
| Suite 700 | Merrillville, IN 46410 |
| Chicago, Illinois 60630 | 219-322-0830 |
| (872) 361-2302 | JSmith@cjklaw.com |
| Bhavani@warrierlaw.com | |
| | Matthew S. Clark |
| Stephen M. Brandenburg | Susan J. Eberhardt |
| **SARKISIAN & SARKISIAN, P.C.** | CLARK JOHNSON & KNIGHT, LTD. |
| 3645 Willowcreek Rd | 6300 North River Road, Suite 121 |
| Portage, IN 46368 | Rosemont, IL 60018 |
| o. (219) 792-7718 | 847-261-0700 |
| c. (312) 730-4206 | MClark@cjklaw.com |
| Stephen@SarkLawFirm.com | SEberhardt@cjklaw.com |
| | |
| Attorneys for Plaintiff | Attorneys for Defendants |