UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHERRI PERKINS, individually and as Administrator of the Estate of BRANDON PERKINS, Deceased,<br>        Plaintiff,<br><br>    v.<br><br>TOWN OF ST. JOHN, INDIANA, a Municipal Corporation and OFFICER CHRISTOPHER WIDEN, individually and as agent of the Town of St. John,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   CAUSE NO.: 2:25-CV-459-JEM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Judgment on the Pleadings [DE 16], filed by Defendants on December 2, 2025. Plaintiff filed a response to the Motion on January 9, 2026, and Defendants filed a reply on January 16, 2026.

**I.    Background**

On October 3, 2025, Plaintiff filed her Complaint asserting five counts against Defendants arising out of the January 15, 2025, shooting death of her son by Officer Widen of the St. John, Indiana, police department. Count I asserts a § 1983 excessive force claim against Officer Widen, Count II asserts an American with Disabilities Act claim against St. John, Count III asserts a § 1983 *Monell* claim against St. John, and Counts IV and V assert Indiana state law claims for wrongful death and *respondeat superior* against St. John. Defendants filed their Answers to the Complaint on December 2, 2025. Defendants now move for judgment on the pleadings on all counts.

The parties have consented to have this case assigned to a United States Magistrate Judge

1

to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II. Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court applies the same standard to a motion for judgment on the pleadings under Rule 12(c) as is used to determine motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Guise v. BWM Mortg., LLC*, 377 F.3d 795, 798 (7th Cir. 2004). When addressing a motion for judgment on the pleadings, the Court must "view the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)) (internal quotations omitted). When ruling on a 12(c) motion, the Court considers only the pleadings, which "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

2

To survive a 12(b)(6) motion to dismiss for failure to state a claim or a 12(c) motion for judgment on the pleadings, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted). Additionally, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

**III.    Analysis**

Plaintiff alleges that her son's constitutional rights were violated by Officer Widen's use

of excessive force in the fatal encounter. Defendants filed dash and body cam videos of the incident and argue that the video of the incident shows that Officer Widen's use of deadly force was objectively reasonable and therefore that Plaintiff cannot establish a constitutional violation for purposes of either of the § 1983 claims; that Officer Widen is entitled to qualified immunity; that the Americans with Disabilities Act (ADA) does not apply to law enforcement activities; and that because the force used was not excessive, plaintiff cannot establish a cause of action for wrongful death or *respondeat superior*. Plaintiff argues that Defendants are asking the Court to resolve disputed facts and interpret video evidence not included within the Complaint, and that she has sufficiently pleaded each of her causes of action.

The pleadings which the Court may consider include the complaint, the answer, and any written instruments attached to the complaint as exhibits. *See Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002); *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988). In addition, documents submitted with a motion to dismiss or motion for judgment on the pleadings are treated as part of the pleadings if they are "referred to in the plaintiff's complaint and are central to [their] claim." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). Federal Rule of Civil Procedure 12(d) requires that a motion for judgment on the pleadings pursuant to Rule 12(c) must be treated as a motion for summary judgment when "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d), *see also Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). The decision whether to convert a motion to dismiss for judgment on the pleadings into a motion for summary judgment is left to the discretion of the court. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

Plaintiff has not asked that the motion be considered as a summary judgment motion pursuant to Federal Rule of Civil Procedure 12(d) and Defendants argue that including the video

4

should not convert the instant motion to a summary judgment motion. Since neither party is seeking to have the motion converted to one for summary judgment and the parties have not had an opportunity to conduct discovery, the Court declines to convert the motion to a summary judgment motion.

Defendants argue that materials which the Court can consider when they have been attached to the Answer includes video and audio recordings. As Plaintiff argues, those types of documents are not properly before the Court on a motion for judgment on the pleadings unless specifically referenced in Plaintiff's Complaint and integral to her claims *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). Plaintiff's Complaint references the fact that Officer Studer's body cam video stopped recording during the incident but does not refer to any other video or audio recordings. Defendants argue that although the Seventh Circuit Court of Appeals has not addressed the issue of whether videos referenced by defendants in the answer can properly be considered by a court when ruling on a motion for judgment on the pleadings, other circuits have permitted it and urge this Court to follow suit.

The Seventh Circuit Court of Appeals has recognized that written instruments, including letters, attached to an Answer can properly be considered by a court in ruling on a motion to dismiss. *N. Ind. Gun & Outdoor Shows, Inc. v. South Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998). Exhibits attached to an Answer which can be considered also include documents like the underlying contract between the parties. *Vrana v. FedEx Freight, Inc*., 638 F. Supp. 3d 927, (C.D. Ill. 2022) (application for employment); *Langone v. Miller*, 631 F. Supp. 2d 1067 (N.D. Ill. 2009) (contingency fee retainer agreement). Furthermore, matters about which the Court can take judicial notice may be considered without converting the motion for judgment on the pleadings to a motion for summary judgment. *See Williams v. Arnold*, No. 2:25-CV-108-GSL-APR, 2025 LX 594674

5

(N.D. Ind. Dec. 15, 2025) (citing *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017)) (holding that it is proper to take judicial notice of pleadings from underlying criminal prosecution). Body cam footage or dash cam audio recordings are not the types of information about which the Court can take judicial notice, since they are not publicly available.

The parties also differ on the interpretation of what the videos show. Defendants argue that Plaintiff's factual allegations are not supported by the videos, but that would require that the Court resolve factual disputes. In addition, there is missing body cam footage, raising questions of its accuracy and completeness. *See* Federal Rule of Evidence 201. Neither party cites to, and the Court did not find, any cases decided within the Seventh Circuit which permitted a video attached to an Answer to be considered at the motion for judgment on the pleadings stage of a case without converting it to a motion for summary judgment.

Since the video and audio exhibits attached to Defendants' answer and the instant motion are not referenced in Plaintiff's Complaint, the Court did not consider them in deciding the instant motion. The parties each spent a great deal of time arguing the meaning of their version of the facts and what interpretation the Court should put on the available footage, demonstrating that there are factual issues to be resolved. Because the Court is obligated to review this motion in the light favorable to the non-moving party and does not resolve factual disputes or inferences at this stage, Plaintiff's allegations are to be accepted as true for purposes of a motion for judgment on the pleadings. *See Twombly*, 550 U.S. at 555-56 and *Blagojevich*, 526 F.3d at 1082.

In addition to their arguments that the use of force was reasonable, Defendants also argue that there is no cause of action against law enforcement under the Americans with Disabilities Act. Plaintiff argues that the Seventh Circuit Court of Appeals has not precluded actions against law enforcement under the Americans with Disabilities Act in situations where the danger has passed.

Defendants argue only that the ADA precludes actions against law enforcement for "objectively reasonable force." Determining whether the force was objectively reasonable requires the Court to resolve the disputed facts and is not appropriate on a motion for judgment on the pleadings.

## IV.    Conclusion

For the foregoing reasons, the Court hereby **DENIES** the Motion for Judgment on the Pleadings [DE 16]. Accordingly, the Court **VACATES** the telephonic status conference set for February 5, 2026, and **RESETS** it to **March 5, 2026 at 11:30 a.m.** (Central). Parties are to call 833-568-8864; Meeting ID: 161 0956 8055#; Push # to skip Participant ID; Passcode: 815985#. The Court **ORDERS** the parties to meet and confer and file a proposed amended joint discovery plan in accordance with Federal Rule of Civil Procedure by **February 27, 2026**.

SO ORDERED this 29th day of January, 2026.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:    All counsel of record